# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAMIAN BUTLER, Individually, as Administrator of the Estate of Teresa Butler, and O/B/O The Heirs-at-law of Teresa Butler, Deceased; | § § § § § | |
| ALEXANDER P. COHEN, GERALD Y. COHEN; WILLIAM E. COHEN, Each Individually and O/B/O The Heirs-at-law of Sheldon H. Cohen, Deceased; | § § § § § § | |
| ALEXANDER P. COHEN, GERALD Y. COHEN; WILLIAM E. COHEN, Each Individually and O/B/O The Heirs-at-law of Virginia Cohen, Deceased; | § § § § § § | |
| NICOLE GATES, As Next Friend of M.G., Minor and Heir-at-law of Ricardo Mireles, Deceased; | § § § § § | |
| ALISHA MIRELES, Individually, and as Next Friend of T.M., Minor, as Heirs-at-law of Ricardo Mireles, Deceased; | § § § § | Cause No. _____<br><br>JURY DEMAND |
| TERRIE MYERS, As Next Friend of L.M., Minor and Heir-at-law of Ricardo Mireles, Deceased | § § § § § | |
| DIANE M. SANFORD, Individually, as the Administrator of the Estate of Karen L. Kennedy, and O/B/O the Heirs-at-law of Karen L. Kennedy, Deceased; | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § | |
| DAIMLER TRUCKS NORTH AMERICA LLC; and DAIMLER AG; | | |
| Defendants. | | |

# PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW **DAMIAN BUTLER**, Individually, as Administrator of the Estate of Teresa Butler, and O/B/O the Heirs-at-Law of Teresa Butler, Deceased; **ALEXANDER P. COHEN, GERALD Y. COHEN, WILLIAM E. COHEN,** each Individually and O/B/O the Heirs-at-Law of Sheldon H. Cohen, Deceased and Virginia Cohen, Deceased; **NICOLE GATES**, As Next Friend Of M.G., a Minor and Heir-at-Law of Ricardo Mireles, Deceased; **ALISHA MIRELES**, Individually and As Next of Friend of T.M., a Minor, Heirs-at-Law of Ricardo Mireles, Deceased; **TERRIE MYERS**, As Next of Friend of L.M., a Minor and Heir-at-Law of Ricardo Mireles, Deceased; and **DIANE M. SANFORD**, Individually, as Administrator of the Estate of Karen L. Kennedy, and O/B/O the Heirs-at-Law of Karen L. Kennedy; (collectively referred to as "**PLAINTIFFS**"), who file Plaintiffs' Original Complaint against **DAIMLER TRUCKS NORTH AMERICA LLC** ("DTNA"); and **DAIMLER AG**, (collectively referred to as "**DEFENDANTS**"), and for their cause of action state:

## PARTIES

1. Plaintiff **DAMIAN BUTLER** is an individual residing in Tolono, Illinois. Mr. Butler is a surviving adult sibling of Teresa Butler, Deceased, and brings this action individually, as Administrator of the Estate of Teresa Butler, and on behalf of all the heirs-at-law of Teresa Butler, Deceased.

2. Plaintiff **ALEXANDER P. COHEN** is an individual residing in Perry, Jefferson County, Kansas. Mr. Cohen is a surviving adult child of Sheldon Cohen and Virginia Cohen, both Deceased. He brings this action individually, on behalf of all the heirs-at-law of Sheldon Cohen and Virginia Cohen, and on behalf of the future estates of Sheldon Cohen and Virginia Cohen.

3. Plaintiff **GERALD Y. COHEN** is an individual residing in Tonganoxie, Jefferson County, Kansas. Mr. Cohen is a surviving adult child of Sheldon and Virginia Cohen, both Deceased. He brings this action individually, on behalf of all the heirs-at-law of Sheldon Cohen and Virginia Cohen, and on behalf of the future estates of Sheldon Cohen and Virginia Cohen.

4. Plaintiff **WILLIAM E. COHEN** is an individual residing in Cary, Wake County, North Carolina. Mr. Cohen is a surviving adult child of Sheldon and Virginia Cohen, both Deceased. He brings this action individually, on behalf of all the heirs-at-law of Sheldon Cohen and Virginia Cohen, and on behalf of the future estates of Sheldon Cohen and Virginia Cohen.

5. Plaintiff **NICOLE GATES** is an individual residing in Kansas City, Johnson County, Kansas. Ms. Gates is the adult mother of M.G. and brings this suit as next friend of M.G., a Minor, on behalf of all heirs-at-law of Ricardo Mireles, and on behalf of the future estate of Ricardo Mireles.

6. Plaintiff **ALISHA MIRELES** is an individual residing in Kenosha, Kenosha County, Wisconsin. Alisha Mireles is the spouse of Ricardo Mireles, Deceased, and mother of T.M.. Ms. Mireles brings this suit individually, as next friend of T.M., a Minor, on behalf of all heirs-at-law of Ricardo Mireles, and on behalf of the future estate of Ricardo Mireles.

7. Plaintiff **TERRIE MYERS** is an individual residing in Silverlake, Shawnee County, Kansas. Ms. Myers is the adult mother of L.M. and brings this suit as next friend of L.M., a Minor, on behalf of all heirs-at-law of Ricardo Mireles, and on behalf of the future estate of Ricardo Mireles.

8. Plaintiff **DIANE M. SANFORD** is an individual residing in Indianapolis, Indiana. Ms. Sanford is a surviving adult sibling of Karen L. Kennedy, Deceased, and brings this suit individually, as Administrator of the Estate of Karen L. Kennedy, and on behalf of the heirs-at-law of Karen Kennedy.

9. Defendant **DAIMLER TRUCKS NORTH AMERICA LLC f/k/a FREIGHTLINER CORPORATION** ["**DTNA**"] is a Portland, Oregon corporation engaged in and doing business in and throughout the United States, including the state of Kansas. Defendant **DTNA** was formerly known as and is successor in interest to Freightliner Corporation and may be served with process by serving its registered agent for service of process: The Corporation Company, Inc., 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

10. Defendant **DAIMLER AG** is a German corporation with its principal place of business at Mercedesstr. 137, 70327 Stuttgart, Baden-Württemberg, Germany. It is the parent company of Defendant DTNA and a signatory to the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents*. Pursuant to Article 5(1)(a) of the *Hague Convention*, a translated summons may be mailed by an authorized U.S. court officer to Präsident des Amtsgerichts Freiburg, Holzmarkt 2, 79098 FREIBURG for subsequent postal service on **DAIMLER AG.**

## SUBJECT MATTER JURISDICTION

11. This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and involves citizens of different states.

## PERSONAL JURISDICTION

12. DAIMLER TRUCKS NORTH AMERICA LLC ["DTNA"] introduced into the stream of nationwide commerce Freightliner semi-tractor trucks which it designed, manufactured, tested, inspected, marketed and sold alone or in conjunction with wholly owned and/or authorized dealers such as FLOYD'S TRUCK CENTER, INC. ["FLOYD'S"], which, in turn, sold to Indian Creek Express LLC the 2015 Freightliner semi-tractor truck being driven by Kenny Ford at the time of the subject crash.

13. DTNA knew at all relevant times that some of its Freightliner semi-tractor trucks would be sold, driven and/or serviced in the State of Kansas, a market which it targeted and attempted to serve.

14. Irrespective of the state of assembly or sale, DTNA designed, manufactured, marketed and sold trucks specifically built for interstate travel, which includes Kansas.

15. DTNA manufactured and sold the subject truck with the reasonable expectation it would be used in Kansas and this action arises from the 2015 Freightliner's use in Kansas.

16. DTNA had minimum contacts with Kansas and is doing business in Kansas, for example, by entering into contracts; sending written and digital communications; maintaining websites; advertising; owning dealerships; selling trucks and parts; providing truck maintenance and repair services; performing warranty repair; employing Kansas residents; and committing torts in the State of Kansas.

17. The causes-of-action asserted herein arise from such contacts and business.

18. Having sold literally tens of thousands (if not more), of its trucks in Kansas, to Kansas consumers, DTNA cannot be heard to complain when called to respond in Kansas courts to complaints of defects or torts involving those same trucks.

19. DTNA's contacts with the State of Kansas are sufficient such that the Court's exercise of personal jurisdiction over it is proper.

20. DAIMLER AG provided management, marketing and engineering assistance plus oversight to DTNA regarding truck product development.  Consequently, DAIMLER AG knew at all relevant times that the DTNA truck products it helped develop (directly and indirectly) were being sold, driven and serviced in every state in the United States, including the State of Kansas.  As such, DAIMLER AG cannot be heard to complain when called to respond to complaints of defects involving those same trucks.

21. DAIMLER AG's contacts with the State of Kansas are sufficient such that the Court's exercise of personal jurisdiction over it is proper.

## VENUE

22. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) and the doctrine of *lex loci* because a substantial part of the events or omissions giving rise to PLAINTIFFS' claims occurred in this district.

23. Venue for this action is proper in this Court the subject collision and deaths occurred in the State of Kansas and this Court is convenient for the PLAINTIFFS, lay witnesses, expert witnesses and for PLAINTIFFS' counsel.

## LIMITATIONS

24. This case is brought within the applicable two-year limitations period.

## FACTUAL BACKGROUND

25. On July 11, 2017, at approximately 2:23 p.m., Teresa Butler was lawfully operating her 2015 GMC Terrain westbound on the Kansas Turnpike (I-70) near 174th Street or mile

marker 218.2, in Leavenworth County, Kansas. She had with her a passenger, Karen Kennedy.

26. At the same time, Sheldon Cohen was also lawfully operating his 2012 Buick LaCrosse westbound on the Kansas Turnpike (I-70) near the same location with his wife, Virginia Cohen, as a passenger.

27. Likewise, Ricardo Mireles, too, was lawfully operating his 2005 Ford Taurus westbound on the Kansas Turnpike (I-70) near the same location, at the same time.

28. All of the above individuals were being followed on I-70 by a 2015 Freightliner semi-truck-trailer (VIN# 3AKJGLD53FSGH3925) owned by Indian Creek Express, LLC ("Indian Creek") and being driven by Kenny B. Ford ("Ford") (hereinafter "the Subject Freightliner") who was westbound on the Kansas Turnpike (I-70) on behalf of his employer, Indian Creek.

29. Kenny Ford failed to observe the slower moving traffic up ahead on I-70 and crashed the Subject Freightliner into the Butler, Cohen and Mireles vehicles, killing Teresa Butler, Karen Kennedy, Sheldon Cohen, Virginia Cohen and Ricardo Mireles.

## CAUSES OF ACTION AGAINST THE DEFENDANTS
## COUNT I – STRICT PRODUCT LIABILITY

30. Plaintiffs incorporate by reference all allegations set forth above as though fully set forth herein.

31. At all times material hereto, Defendant DTNA was in the business of designing, manufacturing, marketing and distributing semi-tractor trucks, including the Subject Freightliner through its authorized dealers, such as FLOYD'S.

32. DTNA is, therefore, the "manufacturer" of the Freightliner in question.

33. At some point after its manufacture, DTNA placed the Freightliner in question into the stream of commerce in the United States.

34. The Subject Freightliner contained defects in the design, manufacture, testing, and warnings. Specifically, the Subject Freightliner lacked a Forward Collision Warning ["FCW"] system and an Automatic Emergency Braking ["AEB"] system for crash prevention or crash mitigation and Defendants failed to provide any warning on the risks associated with the failure to have FCW and AEB in the Subject Freightliner.

35. The danger of personal injury and death that could and did result from the reasonably foreseeable use of the Subject Freightliner, and the defective and unreasonably dangerous conditions of the Subject Freightliner were reasonably foreseeable to Defendants.

36. The Subject Freightliner at the time of the accident was in essentially the same condition as when it left the control of Defendant DTNA.

37. Failure to include FCW and AEB systems as standard equipment on its 2015 Freightliner semi-trucks rendered the subject Freightliner unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community of its characteristics.

38. With regard to forward collision warnings systems or automatic emergency braking systems, no mandatory federal safety standards or regulations have been implemented to protect the public from foreseeable risks of injury or damage. Therefore, the subject 2015 Freightliner cannot be deemed "not defective".

39. The defective and unreasonably dangerous conditions of the Subject Freightliner was a producing and proximate cause of the deaths and damages in question.

40. DTNA is liable under the doctrine of strict liability in tort for injuries or damages arising out of defects in the design, manufacture, marketing or distribution of the Subject Freightliner.

## COUNT II - NEGLIGENCE

41. Plaintiffs incorporate by reference all allegations set forth above as though fully set forth herein.

42. DEFENDANTS knew or should have known that front end collisions would occur to vehicles it designed, tested, manufactured, marketed and sold.

43. DEFENDANTS had a duty to design, test, manufacture and market its trucks, including the Subject Freightliner, in a manner which prevented or mitigated foreseeable front-end collisions.

44. DEFENDANTS breached their duty by failing to do that which a company of ordinary prudence would have done under the same or similar circumstances (i.e. equipping the subject Freightliner with FCW and AEB) or by doing that which a company of ordinary prudence would not have done under the same or similar circumstances.

45. The negligent acts and/or omissions of the DEFENDANTS in designing, testing, manufacturing and marketing the Subject Freightliner were a proximate cause of the wrongful deaths of Teresa Butler, Karen Kennedy, Sheldon Cohen, Virginia Cohen and Ricardo Mireles, and the damages sustained by the Plaintiffs.

## PLAINTIFFS' DAMAGES

46. As a result of the defective and unreasonably dangerous conditions of the Subject Freightliner (Count I) and the negligence of Defendants (Count II), the Plaintiffs sustained the following damages:

a. **DAMIAN BUTLER** makes this claim on behalf of himself, Individually, and on behalf of the surviving Heirs-at-Law of Teresa Butler, Deceased, for any and all damages incurred by reason of the death of Teresa Butler, that are allowed pursuant to K.S.A. 60-1901 *et seq.*, including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship; loss of services; loss of attention; advice and protection that the deceased would have provided; financial support that the deceased would have provided to them; and for such other relief to which any heir should be entitled by reason of the death of Teresa Butler. Plaintiff DAMIAN BUTLER, on behalf of the Estate of Teresa Butler, is also entitled to recover for the damages that decedent Teresa Butler suffered between the time of the accident and her injuries and the time of her death, for which she would have maintained an action had she survived.

b. **ALEXANDER P. COHEN, GERALD Y. COHEN, WILLIAM E. COHEN** makes this claim on behalf of themselves, Individually, and on behalf of the Heirs-at-Law of Sheldon Cohen, Deceased, and Virginia Cohen, Deceased, for any and all damages incurred by reason of the deaths of Sheldon Cohen and Virginial Cohen, that are allowed pursuant to K.S.A. 60-1901 *et seq.*, including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship; loss of services; loss of attention; loss of parental care, advice and protection that the deceased would have provided; financial support that the deceased would have provided to them; and for such other relief to which any heir should be entitled by reason of the

deaths of Sheldon and Virginia Cohen.  Plaintiffs ALEXANDER P. COHEN, GERALD Y. COHEN, and WILLIAM E. COHEN, on behalf of the Estates of Sheldon Cohen, and Virginia Cohen, are also entitled to recover for the damages that decedents Sheldon Cohen and Virginia Cohen suffered between the time of the accident and their injuries and the time of their death, for which they would have maintained an action had they survived.

c. **NICOLE GATES** makes this claim on behalf of herself, Individually, and on behalf of M.G., a Minor, as Heirs-at-Law for any and all damages incurred by reason of the death of Ricardo Mireles, that are allowed pursuant to K.S.A. 60-1901 *et seq.,* including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship; loss of services; loss of attention; loss of parental care, advice and protection that the deceased would have provided; financial support that the deceased would have provided to M.G.; and for such other relief to which any heir should be entitled by reason of the death of Ricardo Mireles.  Plaintiff NICHOLE GATES, next friend, is also entitled to recover for the damages that decedent Ricardo Mireles suffered between the time of the accident and his injuries and the time of his death, for which he would have maintained an action had he survived.

d. **ALISHA MIRELES** makes this claim on behalf of herself, Individually, and on behalf of T.M., a Minor, as Heirs-at-Law for any and all damages incurred by reason of the death of Ricardo Mireles, that are allowed pursuant to K.S.A. 60-1901 *et seq.,* including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship;

loss of services; loss of attention; loss of spousal care, advice and protection that the deceased would have provided; loss of parental care, advice and protection that the deceased would have provided; financial support that the deceased would have provided to them; and for such other relief to which any heir should be entitled by reason of the death of Ricardo Mireles. Plaintiff ALISHA MIRELES, on behalf of herself and as next friend, is also entitled to recover for the damages that decedent Ricardo Mireles suffered between the time of the accident and his injuries and the time of his death, for which he would have maintained an action had he survived.

e. **TERRIE MYERS** makes this claim on behalf of L.M., a Minor, as Heir-at-Law, for any and all damages incurred by reason of the death of Ricardo Mireles, that are allowed pursuant to K.S.A. 60-1901 *et seq.*, including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship; loss of services; loss of attention; loss of parental care, advice and protection that the deceased would have provided; financial support that the deceased would have provided to M.G.; and for such other relief to which any heir should be entitled by reason of the death of Ricardo Mireles. Plaintiff TERRIE MYERS, next friend, is also entitled to recover for the damages that decedent Ricardo Mireles suffered between the time of the accident and his injuries and the time of his death, for which he would have maintained an action had he survived.

f. **DIANE M. SANFORD** makes this claim on behalf of herself and the surviving heirs-at-law of Karen L. Kennedy, Deceased, through her Estate, for any and all

    damages incurred by reason of the death of Karen L. Kennedy, that are allowed pursuant to K.S.A. 60-1901 *et seq.,* including but not limited to nonpecuniary damages for mental anguish, suffering and bereavement; loss of society, comfort or companionship; loss of services; loss of attention; advice and protection that the deceased would have provided; financial support that the deceased would have provided to them; and for such other relief to which any heir should be entitled by reason of the death of Karen L. Kennedy.  Plaintiff DIANE M. SANFORD is also entitled to recover for the damages that decedent Karen L. Kennedy suffered between the time of the accident and her injuries and the time of her death, for which she would have maintained an action had she survived.

47. K.S.A § 60-1903 does not in any way cap or otherwise limit Plaintiffs damages in this matter because K.S.A. § 60-1903 violates section 5 of the Kansas Constitutional Bill of Rights, violates U.S. Const. Amend. 14 and Sections 1 and 2 of the Bill of Rights of the Kansas Constitution and, therefore, is facially unconstitutional and unenforceable.

48. Plaintiffs are entitled to recover exemplary damages because there is clear and convincing evidence that the deaths of TERESA BUTLER, KAREN L. KENNEDY, SHELDON COHEN, VIRGINIA COHEN, and RICARDO MIRELES resulted from the gross negligence of DTNA and DAIMLER, AG.  Such gross negligence involved an act or omission by DTNA and DAIMLER, AG which, when viewed objectively from the standpoint of the DEFENDANTS at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others; and DEFENDANTS had actual, subjective awareness of the risk involved, but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

49. Plaintiffs seek pre-judgment and post-judgment interest in accordance with the maximum legal interest rates allowable as interpreted under the laws of the State of Kansas.

## JURY DEMAND

50. Plaintiffs request a jury of twelve be convened to try the factual issues in this cause and are including the appropriate jury fee with the filing of this Complaint.

**WHEREFORE,** Plaintiffs prays that Defendants be cited to appear and answer herein and, upon final hearing of this cause, Plaintiffs have judgment and monetary relief against the Defendants for damages described herein, plus costs of suit; pre-judgment and post-judgment interest at the maximum legal rates; and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LANGDON & EMISON LLC

/s/: John M. Tyner
J. Kent Emison     #78360
David A. Brose     #21824
John M. Tyner      #23154
LANGDON & EMISON LLC
911 Main Street
PO Box 220
Lexington, Missouri 64067
Phone: (660) 259-6175
Fax: (660) 259-4571
kent@lelaw.com
david@lelaw.com
john@lelaw.com

and

        Leon Russell (pro hac to be filed)
        Texas State Bar No.: 17418500
        THE RUSSELL LAW FIRM
        3717 Stanford Ave.
        Dallas, Texas  75225
        Telephone:(214) 443-0800
        Facsimile: (214) 443-0898
        Email: leon@rs-attorneys.com

        ATTORNEYS FOR PLAINTIFFS