IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN BUTLER, et al.,

Plaintiffs

vs.

DAIMLER TRUCKS NORTH AMERICA LLC and DAIMLER AG,

Defendants.

Case No. 2:19-cv-02377-JAR-JPO

**PLAINTIFFS' REPLY MEMORANDUM IN FAVOR OF A SHARING PROTECTIVE ORDER**

Plaintiffs respectfully ask the Court for a protective order that includes the revisions to the Court's form protective order requested by plaintiffs. *See* Doc. 38-3, ¶¶ 6(b)(10) and 10(b).

**A Sharing Protective Order is Appropriate**

Defendant Daimler Trucks North America, LLC's (DTNA's) memorandum opposing a sharing protective order predictably raises many of the points defendants are instructed to raise in a recent article published by the Defense Research Institute entitled *Attorney Information Exchange Group ("AIEG"): What It Is, What It Does, and How to Mitigate Its Effect.*[1] That article, while admitting that sharing orders have been "lauded by courts" and "[f]ederal courts in particular,"[2] nevertheless urges defendants to negotiate non-sharing orders and, if that fails, to litigate the issue, raising most of the issues DTNA raises here. The problem? This scripted tactic requires that DTNA ignore several important issues.

First, DTNA ignores the mandate in Fed.R.Civ.P. 1 that the rules of civil procedure are to be administered to ensure "the just, speedy, and inexpensive determination of every action and

[1] The article is available at http://www.lightfootlaw.com/wp-content/uploads/2015/09/Nikaa-Jordan.pdf.

[2] Citing *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) and *Ward v. Ford Motor Co.*, 93 F.R.D. 579 (D. Colo. 1982).

proceeding." As plaintiffs have illustrated, "discovery-sharing provisions complement Rule 1, making litigation less costly for . . . courts and litigants on both sides of the docket." Dustin Benham, *Discovery Sharing in Texas: Litigant Confidentiality v. Litigation Costs*, 67 Baylor L. Rev. 622, 658 (2015). Ignoring how sharing orders complement Rule 1, DTNA asks the Court to lock plaintiffs in a virtual discovery silo so they cannot share information produced here with litigants involved in the handful of similar cases against DTNA. This requires every plaintiff in a like case against DTNA to reinvent the wheel, which runs afoul of both the letter and the spirit of Rule 1.

Second, DTNA ignores the fact that the National Highway Traffic Safety Administration (NHTSA) prefers sharing protective orders over non-sharing orders. NHTSA warns that potential defects in motor vehicles raise critical safety issues of life and death that cannot be trusted to product manufacturers alone. *See* NHTSA Enforcement Guidance Bulletin 2015–01, 81 Fed. Reg. at 13026. NHTSA cautions that courts must impose a high burden on defendants seeking protective orders, must weigh the public's interest, and must consider "whether the sharing of information among litigants will promote fairness and efficiency." *Id.* at 13027.

Plaintiffs submit that if *the very agency that promulgates the Federal Motor Vehicle Safety Standards (FMVSS) favors sharing orders in cases like this*, so too should the Court. As noted, one factor NHTSA emphasized in favor of sharing orders is whether they might promote fairness and efficiency. Here, a sharing order would accomplish those goals. By sharing documents with litigants involved in similar litigation against defendants, the parties and the Court can avoid excessive discovery motion practice because parties "subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses." *Garcia v. Peeples*, 734 S.W.2d

343, 347 (Tex. 1987). DTNA opposes a sharing order because it wants litigants against it isolated and unable to compare document productions and discovery responses in cases involving similar issues. Which, given the benefits and efficiencies of sharing orders, necessarily raises the question . . . why? The answer is simple. *See, e.g.*, Proceedings of the 51st Judicial Conference of the District of Columbia, 134 F.R.D. 321, 389-90 (1991) ("The reason [the proliferation of secrecy orders] is such a terrible problem is several-fold. First, the immediate effect that it has on the judicial system is that everybody who represents the plaintiffs has to reinvent the wheel. The defendants know this. That is why they ask for it . . . . But a far more egregious effect – *talk about just, speedy and inexpensive determination of justice* – is judges have to, over and over and over again, resolve the same discovery disputes in courts throughout the country.") (emphasis added).

Third, DNTA ignores its obligation to specifically explain and articulate how it might be prejudiced by the sharing provision proposed by plaintiffs. As written, the sharing provision is strictly limited to litigants involved in pending or anticipated similar cases against DTNA. Anyone with whom any confidential materials are shared agrees to be bound by the terms and conditions of this Court's protective order and further, agrees to submit to this Court's jurisdiction. The parties agree good cause exists under Fed.R.Civ.P. 26(c) to support the entry of a protective order. However, DTNA has failed to show good cause exists to make that order a non-sharing order rather than an order that allows sharing with other litigants involved in similar litigation against defendants. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (party opposing public disclosure of discovery materials has burden of proving good cause); *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145-46 (2d Cir.), cert. denied,

484 U.S. 953 (1987) (same). DTNA's failure to establish good cause as it specifically relates to the sharing issue dooms DTNA's arguments for a non-sharing order.

Lastly, DTNA ignores the public safety issues presented in this case. As the Court is aware, this case involves the deaths of five innocent people who were victims of a heavy truck crash caused by a DTNA truck not equipped with certain safety equipment that could have lessened the severity of or even prevented the wreck. This wreck was not an anomaly. In 2017, there were over 4,000 fatal wrecks involving large trucks in the United States and over 340,000 wrecks resulting in injuries.[3] This Court can and should consider the public interest and safety in weighing DTNA's request that the Court preclude plaintiffs from sharing documents with litigants in similar cases. *See Shingara v. Skiles*, 420 F.3d 301, 308 (3d Cir. 2005) ("a court always must consider the public interest when deciding whether to impose a protective order"); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (Posner, J.) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it) . . . [and] may not rubber stamp a stipulation to seal the record.").

For all of these reasons, plaintiffs ask the Court for a protective order that allows sharing, like the proposed order submitted by plaintiffs. *See* Doc. 38-3.

**Documents Should Not be Returned or Destroyed**

DTNA concedes that the return/destroy clause in ¶ 10(b) of DTNA's proposed protective order potentially violates certain ethical concerns raised by plaintiffs.[4] Given that concession, plaintiffs need only address DTNA's argument that the only way to protect DTNA's alleged

---

[3] https://www.fmcsa.dot.gov/safety/data-and-statistics/large-truck-and-bus-crash-facts-2017#A1

[4] *See* KRPC 1.15(a); K.B.A. Legal Ethics Opinion 15-01 (keeping complete file for ten years is appropriate); *see also* Model Rule 1.22, Retaining Client Files (file materials with intrinsic value must be maintained by counsel indefinitely).

trade secrets is to nevertheless require the return/destruction of all documents produced under the protective order, irrespective of the ethics rules. This argument ignores the actual purpose and effect of the protective order and, of equal import, a case plaintiffs cited that is squarely on point.

> Because the documents comprised trade secrets or proprietary information, the trial court issued a protective order. *Relators object that the protective order does not limit use of the documents to this case or require the return of the documents at its conclusion.* Because we conclude *the trial court's order adequately protected Fire Insurance Exchange from the involuntary disclosure of its trade secrets*, we hold the trial court did not abuse its discretion in this matter.

*In re Fire Ins. Exchange*, No. 09-04-301-CV, 2004 WL 2113037 (Tex. App.—Beaumont, Sep. 23, 2004, orig. proceeding) [citing *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155 (Tex. 1993)] (emphasis added).

All of DTNA's concerns about what might happen if plaintiffs' counsel are allowed to honor their ethical obligations and maintain complete files . . . including any materials produced under the protective order . . . are addressed and resolved by the very protective order DTNA asks the Court to enter. DTNA's protestations are much ado about nothing.

**Conclusion**

Plaintiffs respectfully ask the Court to enter a protective order similar to the proposed order submitted by plaintiffs that allows limited sharing of protected documents and further, that does not require plaintiffs to return/destroy documents. *See* Doc. 38-3, ¶¶ 6(b)(10) and 10(b).

Respectfully submitted,

/s/ *Randall L. Rhodes*
Randall L. Rhodes KS # 15811
Jeffrey D. Rowe KS # 23083
Rachel N. Boden KS # 26238

ROUSE FRETS WHITE GOSS
GENTILE RHODES, LLC.
5250 West 116th Place, Suite 400
Leawood, Kansas 66211
(913) 387-1600
(913) 928-6739 – facsimile
rrhodes@rousepc.com
jrowe@rousepc.com
rboden@rousepc.com

and

Leon Russell (admitted *pro hac vice*)
Texas State Bar No.: 17418500
THE RUSSELL LAW FIRM
3717 Stanford Ave.
Dallas, Texas 75225
(214) 443-0800
(214) 443-0898 - facsimile
leon@rs-attorneys.com

ATTORNEYS FOR PLAINTIFFS

**Certificate of Service**

I certify that on January 6, 2020, this pleading was electronically filed via the Court's electronic filing system which will notify all parties of record of this filing.

*/s/ Randall L. Rhodes*
Randall L. Rhodes