# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAMIAN BUTLER, et al.,

    Plaintiffs,

    v.

DAIMLER TRUCKS NORTH AMERICA, LLC, et al.,

    Defendants.

Case No. 2:19-CV-2377-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiffs Damian Butler, Alexander Cohen, Gerald Cohen, William Cohen, Nicole Gates, Alisha Mireles, Terrie Myers, and Diane Sanford (collectively, "Plaintiffs") bring this action against Defendants Daimler Trucks North America ("DTNA") and Daimler AG, alleging causes of action for strict product liability and negligence related to a fatal crash that took place on July 11, 2017. This matter comes before the Court on Daimler AG's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 47). In addition to their response (Doc. 54), Plaintiffs filed Motion to Stay Daimler AG's Motion to Dismiss (Doc. 52) requesting a sixty-to-ninety day stay "so that [P]laintiffs can engage in jurisdictional discovery with Daimler AG."[1] DTNA and Daimler AG have each filed a set of stipulations, agreed to by Plaintiffs, in response to Plaintiffs' Motion to Stay (Docs. 56, 57). The Court is prepared to rule. As explained more fully below, the Court grants Plaintiffs' motion and stays Daimler AG's motion to dismiss pending jurisdictional discovery.

---

[1] Doc. 52 at 2.

Plaintiffs seek an order permitting them to conduct limited, jurisdictional discovery related to this Court's jurisdiction over Daimler AG. Plaintiffs allege that certain material evidence, such as Daimler AG's involvement in the design and manufacture of the Subject Freightliner and the corporate relationship between Daimler AG and DTNA, is not available to Plaintiffs without discovery. Plaintiffs further allege that discovery on these issues will clarify issues related to jurisdiction and permit more thorough analysis. DTNA and Daimler AG have both entered stipulations with Plaintiffs regarding modifications to existing deadlines and the scope of additional jurisdictional discovery.

The Court finds that limited jurisdictional discovery is warranted in this case. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."[2] In the Tenth Circuit, courts may not refuse to grant jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[3] Plaintiffs have identified pertinent jurisdictional facts that are controverted, which is sufficient to warrant discovery. Accordingly, Plaintiffs' request for jurisdictional discovery, as agreed to in the parties' stipulations, is granted. The discovery shall be narrowly tailored to the issue of whether Daimler AG is subject to this Court's jurisdiction. Discovery shall not include issues related to Plaintiffs' substantive claims in this case. The parties shall have until **April 1, 2020** to complete discovery relevant to this issue. Plaintiffs will have until **April 22, 2020** to file any supplemental response to Daimler AG's motion to dismiss, and Daimler AG will have until **May 13, 2020** to file any reply.

---

[2] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (quoting *Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

[3] *See, e.g.*, *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (citing *Sizova*, 282 F.3d at 1326).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Stay Daimler AG's Motion to Dismiss (Doc. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that discovery shall be limited to the issue of personal jurisdiction and shall not include the substantive claims in this case.

**IT IS FURTHER ORDERED** that limited jurisdictional discovery shall be completed by **April 1, 2020**, that Plaintiffs shall file any supplemental response to Daimler AG's motion to dismiss by **April 22, 2020**, and that Daimler AG shall file any reply by **May 13, 2020**.

**IT IS SO ORDERED.**

Dated: February 19, 2020

s/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE