IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMIAN BUTLER, et al., | ) |
| | ) |
|       Plaintiffs | ) |
| | ) |
| vs. | ) Cause No.: 2:19-cv-02377-JAR-JPO |
| | ) |
| DAIMLER TRUCKS NORTH AMERICA | ) |
| LLC and DAIMLER AG, | ) |
| | ) |
|       Defendants. | ) |

_____

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF SPECIALLY-APPEARING DAIMLER AG'S[1] MOTION
FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)**

_____

## I.   INTRODUCTION

The Court previously granted Daimler AG's motion to dismiss for lack of personal jurisdiction, finding that "Plaintiffs have not met their burden to establish personal jurisdiction over Daimler AG." 8/18/20 Order [Dkt. No. 75] at 20 (the "Dismissal Order").  Daimler AG respectfully moves the Court to enter a final judgment pursuant to Rule 54(b) on the basis set forth in the Dismissal Order so Daimler AG may have finality with respect to this matter.

_____

[1] Daimler AG appeared in this matter for the special/limited purpose of challenging personal jurisdiction.

Entry of a final judgment is warranted because the Dismissal Order is final as to all the claims asserted against Daimler AG.  Furthermore, no just reason for delay exists. The basis of Daimler AG's dismissal, the lack of personal jurisdiction, is unrelated to, and independent of, the remaining claims in the lawsuit. "Courts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction"—the precise situation presented to this Court. *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D.Pa. 2009).

For these reasons, as more fully set forth below, the Court should enter a final judgment pursuant to Rule 54(b).

## II.    BACKGROUND FACTS

The above-styled action arises from a July 11, 2017 accident on the Kansas Turnpike in Leavenworth County, in which Plaintiffs allege non-party Kenny Ford, while driving a 2015 Freightliner semi-tractor truck (the "Subject Truck"), "failed to observe the slower moving traffic up ahead on I-70," and crashed the Subject Truck into three vehicles. Sec. Am. Compl. [Doc. 36] ¶¶ 37-41. Plaintiffs, the surviving heirs-at-law, sued Daimler AG and Daimler Trucks North America, LLC ("DTNA") under theories of strict liability and negligence, claiming the Subject Truck was defective for lacking a "system for crash prevention or crash mitigation." *Id*. ¶ 46.

Daimler AG did not design, manufacture, or distribute the Subject Truck. *Id*. at 6. Rather, the Subject Truck was designed and manufactured by DTNA (which remains a defendant in this action). *Id*. at 13.  Plaintiffs sought to impute DTNA's actions to its ultimate parent, Daimler AG, both as to the jurisdictional analyses and liability. *See*, *e.g.*, Pl.'s Opp. Memo. at 11-12, 25-27; Sec. Am. Compl. [Doc. 36] ¶¶ 43-52.

On January 17, 2020, Daimler AG moved to dismiss all claims asserted against it pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Mot. to Dismiss [Doc. 47]. Plaintiffs sought jurisdictional discovery, to which Daimler AG consented, and the Court entered an order permitting jurisdictional discovery prior to briefing being completed on the motion. 2/19/20 Order [Doc. 60].  After the conclusion of the jurisdictional discovery and completion of briefing, the Court granted Daimler AG's motion to dismiss for lack of personal jurisdiction in its entirety. 8.18.20 Order [Doc. 75] at 21.

## III. ARGUMENT

The standard for entry of a final judgment pursuant to Rule 54(b) is well-established.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "First, the district court must determine that its judgment is final." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtis-Wright Corp.*, 446 U.S. at 7). "Second, the district court must determine that no just

reason for delay of entry of its judgment exists.  *Id*. (citing *Curtis-Wright Corp*., 446 U.S. at 8).  The Dismissal Order meets both of these requirements.

**A.     The Dismissal Order is final as to all claims against Daimler AG**

For an order to be "final" for Rule 54(b) purposes, it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtis-Wright Corp*., 446 U.S. at 7. The analysis is straight-forward where, as here, a single party in multiparty litigation seeks entry of a final judgment. *See* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2656 (4th ed. 2020 Update) ("Whether multiple parties are before the court basically is a simple question that has not posed any problems" compared to multiple claims against a single party).

There is no question that the Dismissal Order is final as to Daimler AG. "An order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order." *Bush*, 629 F. Supp. 2d at 472; *see also Fed. Home Loan Bank of Boston v. Moody's Corp*., 821 F.3d 102, 107 n.3 (1st Cir. 2016)[2] ("The ruling dismissing all claims against Moody's for lack of personal jurisdiction clearly disposes of all the rights and liabilities of at least one

---

[2] Abrogated on other grounds by *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 196 L. Ed. 2d 493 (2017).

party as to at least one claim and so satisfies Rule 54(b)'s finality requirement."); *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir. 1993) (dismissal for want of personal jurisdiction met finality requirement). The first prong of the Rule 54(b) analysis is therefore satisfied. *See Stockman's Water Co.*, 425 F.3d at 1265.

### B.   There is no just reason to delay entry of a final judgment as to Daimler AG

The second prong of the Rule 54(b) analysis is whether any just reason exists to delay entry of judgment. *See id*. Once again, the answer here is straightforward and affirmative.

While there is no single exhaustive list to be considered in granting Daimler AG's request for finality, the most critical assessment is "whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. at 8; *see also Stockman's Water Co.*, 425 F.3d at 1265. Personal jurisdiction determinations are unrelated to, and independent from, any remaining claims and issues, and thus do not raise the specter of "piecemeal appeals." *See Curtis-Wright Corp.*, 446 U.S. at 8; *Core-Vent Corp.*, 11 F.3d t 1484 ("The jurisdictional question at issue here is unrelated to the other issues in the case; thus, entry of final judgment will not lead to undesirable 'piecemeal appeals.'").

To the contrary, entry of judgment pursuant to Rule 54(b) here serves judicial economy by potentially allowing the parties to proceed to the merits in the correct

forum. *Moody's Corp.*, 821 F.3d at 107 n.3 ("Indeed, judicial economy weighs in favor of prompt resolution of the jurisdictional issues implicated by this appeal so that the parties can potentially proceed to the merits in an appropriate venue."). For these reasons, "[c]ourts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction. *Bush*, 629 F. Supp. 2d at 472 (citing, *inter alia*, *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill. Inc.*, 551 F.3d 587, 596 (7th Cir. 2008); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 282 (3d Cir. 1981)).

This Court's determination that it lacked personal jurisdiction over Daimler AG is unrelated to, and independent of, any remaining claims or issues in the case. Thus, consistent with the routine practice of other courts, this Court should exercise its discretion and enter a final judgment pursuant to Rule 54(b) as to Daimler AG.

## IV. CONCLUSION

For the foregoing reasons, Daimler AG respectfully requests that the Court enter a final judgment pursuant to Rule 54(b) as to the Dismissal Order and for all other relief the Court deems just and proper.

Respectfully submitted,


*/s/ Christopher M. Hohn*
Christopher M. Hohn, KS# 78268
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
Fax:  (314) 552-7000
chohn@thompsoncoburn.com

**Attorney for Specially Appearing
Defendant Daimler AG**


## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, the foregoing was filed via the Court's Electronic Filing System.  Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record.


*/s/ Christopher M. Hohn*
Christopher M. Hohn