## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAMIAN BUTLER, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:19-CV-2377-JAR-JPO** |
| **DAIMLER TRUCKS NORTH AMERICA, LLC, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiffs Damian Butler, Alexander Cohen, Gerald Cohen, William Cohen, Nicole Gates, Alisha Mireles, Terrie Myers, and Diane Sanford filed this action against Defendants Daimler Trucks North America LLC ("DTNA") and Daimler AG in July 2019, bringing claims arising out of a fatal, multivehicle crash involving a semitruck trailer designed and manufactured by DTNA. Daimler AG was dismissed from the case on August 18, 2020. This matter is now before the Court on Daimler AG's Motion for Entry of a Final Judgment Pursuant to Rule 54(b) (Doc. 89). For the reasons set forth below, Daimler AG's motion is denied.

## I.      Background

Having issued multiple prior opinions in this matter, the Court assumes the reader's familiarity with the facts underlying Plaintiffs' claims and briefly sets forth only the factual and procedural history relevant to the pending motion for entry of final judgment.

On October 14, 2019, DTNA filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2),

which the Court denied in its entirety on January 10, 2020.[1]  Relevant here, the Court found that it had personal jurisdiction to hear Plaintiffs' claims against DTNA only on the basis of DTNA's consent to jurisdiction through its registration to do business in Kansas.[2]  Plaintiffs' claims against DTNA remain pending.

On January 17, 2020, Daimler AG also moved to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).  Plaintiffs then sought jurisdictional discovery, which the Court permitted.  After months of jurisdictional discovery and the completion of briefing on Daimler AG's motion to dismiss, the Court granted the motion in a Memorandum and Order dated August 18, 2020 ("August 18 Order").[3]  The Court held that Plaintiffs had failed to meet their burden to establish personal jurisdiction over Daimler AG.  Specifically, the Court found that: (1) it could not impute DTNA's contacts with Kansas to Daimler AG, and that even if it could, those contacts would be insufficient to establish jurisdiction; (2) it could not impute DTNA's consent to personal jurisdiction through registration to do business in Kansas to Daimler AG; and (3) Daimler AG's own contacts with the forum were insufficient to confer jurisdiction.[4]  The Court also denied Plaintiffs' motion for leave to file a third amended complaint on the basis that amendment would be futile because Plaintiffs' proposed third amended complaint failed to cure the jurisdictional defects in their Second Amended Complaint.[5]

On January 13, 2021, Daimler AG filed a motion for entry of final judgment on Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 54(b).  Although Daimler AG does not

---

[1] Doc. 45.

[2] *Id*. at 18−21.

[3] Doc. 75.

[4] *Id*. at 8−18.

[5] *Id*. at 18−20.

indicate whether its motion is opposed, no party has filed a response and the deadline for doing

so has passed.[6]

## II.     Standard

Daimler AG asks the Court to enter final judgment on Plaintiffs' claims against it on the

basis set forth in the August 18 Order.  Under Rule 54(b):

> When an action presents more than one claim for relief—whether
> as a claim, counterclaim, crossclaim, or third-party claim—or
> when multiple parties are involved, the court may direct entry of a
> final judgment as to one or more, but fewer than all, claims or
> parties only if the court expressly determines that there is no just
> reason for delay.  Otherwise, any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.

The Tenth Circuit directs district courts, before entering a Rule 54(b) certification, to "clearly

articulate their reasons and make careful statements based on the record supporting their

determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order

more intelligently[ ] and thus avoid jurisdictional remands."[7]

The Court must make two express findings in order to grant certification under Rule

54(b): that the judgment is final, and that there is no just reason for delay of the entry of the

judgment.[8]  In considering these requirements, the Court is to weigh the rule's "policy of

preventing piecemeal appeals against the inequities that could result from delaying an appeal."[9]

---

[6] *See* D. Kan. Rule 6.1(d).

[7] *Stockman's Water Co. v. Vaca Partners., L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (alteration in original) (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)).

[8] *Id.*

[9] *Id.* (first citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); and then citing *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)).

Factors to consider include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[10]

## III.   Discussion

As to the first required finding under Rule 54(b), an order is "final" when "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"[11] In cases similar to this one, a host of other courts have concluded that the issue of personal jurisdiction is "easily severable from the merits of the lawsuit,"[12] and that "[a]n order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order."[13]   This Court agrees and finds that its August 18 Order granting Daimler AG's motion to dismiss for lack of personal jurisdiction is a final judgment, thus satisfying the first prong of the Rule 54(b) analysis.

However, the Court finds that the second requirement under Rule 54(b)—that there be no just reason to delay entry of final judgment—is not satisfied here.   Rule 54(b) certification may be appropriate in certain cases "where some, but not all, defendants are dismissed for lack of

---

[10] *Id.* (alteration in original) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

[11] *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

[12] *Lester v. Presto Lifts, Inc.*, No. 12-398-PHX-PGR, 2012 WL 3596517, at *1 (D. Ariz. Aug. 21, 2012) (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993)); *see also, e.g.*, *Lewis v. Travertine, Inc.*, No. 2:17-00016-CAS (JCx), 2017 WL 2989176, at *2 (C.D. Cal. July 12, 2017) (citation omitted).

[13] *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) (collecting cases); *see also, e.g.*, *Gault v. Thacher*, No. 9:18-03157-DCN, 2019 WL 3842330, at *2 (D.S.C. Aug. 15, 2019); *Hinkle v. Cont'l Motors, Inc.*, No. 8:16-2966-T-36MAP, 2018 WL 10096593, at *2 (M.D. Fla. Jan. 8, 2018); *Patterson v. Blue Offshore BV*, No. 13-337, 2016 WL 2348057, at *3 (E.D. La. May 4, 2016); *Lester*, 2012 WL 3596517, at *1; *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. 5:07-13, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007).

personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims," because certification may "resolv[e] jurisdictional issues at the outset of the litigation" and "'obviate the need for a second trial'"[14]  Yet "Rule 54(b) entries are not to be made routinely."[15]  "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[16]  Thus, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."[17]

In this case, although Daimler AG contends that the Court's determination as to personal jurisdiction is unrelated to and independent from any remaining claims and issues in this case, the Tenth Circuit may be asked to decide jurisdictional issues on an appeal by either Plaintiffs or DTNA that bear on this Court's jurisdictional findings as to Daimler AG.  For example, Plaintiffs argued in this Court, unsuccessfully, that DTNA's contacts with Kansas were sufficient to confer jurisdiction *and* that those contacts should be imputed to Daimler AG.[18]  Thus, there

---

[14] *Hinkle*, 2018 WL 10096593, at *2 (citation omitted); *see also Lewis*, 2017 WL 2989176, at *2.

[15] *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (quoting *Great Am. Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980)).

[16] *Breen v. Pruter*, No. 14-081-F, 2015 WL 12859420, at *1 (D. Wyo. Apr. 20, 2015) (quoting *Okla. Turnpike Auth.*, 259 F.3d at 1242).

[17] *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

[18] *See* Doc. 75 at 8 (explaining that "the gravamen of Plaintiffs' argument is that DTNA's contacts should be imputed to Daimler AG, and that by virtue of DTNA's actions, Daimler AG is subject to personal jurisdiction in this Court"); 10 (finding that DTNA's contacts with Kansas cannot be imputed to Daimler AG); 10−15 (finding that even if imputed to Daimler AG, DTNA's contacts with the forum are insufficient for specific jurisdiction); 16−18 (finding that DTNA's consent to personal jurisdiction in Kansas through registration to do business cannot be imputed to Daimler AG by virtue of their corporate relationship).

may exist some factual and legal overlap in any appeals of this Court's personal jurisdiction rulings as to DTNA and Daimler AG.[19]

Further, Daimler merely states—after waiting five months beyond the Court's August 18 Order to bring its motion under Rule 54(b)—that it seeks a final judgment so that it "may have finality with respect to this matter."[20]  Daimler AG articulates no reason for its delay and no hardship warranting certification under Rule 54(b) other than its desire for finality.  And although the Court's analysis concerning the likelihood of piecemeal appeals might be altered based on Plaintiffs' position, the Court has no knowledge of Plaintiffs' intent with respect to appeals in this case.  As the matter stands, the Court is unconvinced "that there is 'no just reason' for delay and that the interests of sound judicial administration would be served by entering judgment under Rule 54(b)."[21]

**IT IS THEREFORE ORDERED BY THE COURT** that Daimler AG's Motion for Entry of a Final Judgment Pursuant to Rule 54(b) (Doc. 89) is **denied**.

**IT IS SO ORDERED.**

Dated: <u>February 10, 2021</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[19] *See Glass Egg Digit. Media v. Gameloft, Inc*., No. 17-04165-MMC, 2018 WL 1989506, at *1 (N.D. Cal. Mar. 29, 2018) (denying Rule 54(b) certification of order dismissing defendants for lack of personal jurisdiction because "personal jurisdiction over the Moving Defendants was based on alleged derivative liability, and thus the jurisdictional issues are, in this instance, intertwined with the merits of the remaining claims").

[20] Doc. 90 at 1.

[21] *Croyle v. Theatine Fathers, Inc*., No. 19-00421 JAO-WRP, 2020 WL 1452068, at *2 (D. Haw. Mar. 25, 2020) (denying Rule 54(b) certification of order dismissing one of two defendants for lack of jurisdiction where there remained the possibility that the appellate court would review the case twice); *see also Hamad v. Gates*, No. C10-591 MJP, 2011 WL 13354077, at *2 (W.D. Wash. July 22, 2011) (denying Rule 54(b) certification of order dismissing defendants for lack of jurisdiction where "no burden or hardship would result from delaying an appeal until Plaintiff's claims against the remaining Defendants are adjudicated").