IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIAN BUTLER, et al.,

          Plaintiffs,

v.                                            Case No. 19-2377-JAR

DAIMLER TRUCKS NORTH AMERICA, LLC,

          Defendant.

# **ORDER**

This case comes before the court on the parties' joint motion (ECF No. 115) to stay all remaining deadlines and settings pending a ruling on a motion for summary judgment defendant plans to file before the end of the year.

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[1] The decision whether to stay discovery rests in the sound discretion of the court.[2] As a practical matter, this calls for a case-by-case determination.[3]

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[2] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[3] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

The parties state their request for a stay is driven by a desire to conserve the parties' time and resources while awaiting a ruling on summary judgment. In particular, the parties wish to forego any unnecessary expense in conducting expert discovery, which they advise is not relevant to the anticipated issues on summary judgment. Moreover, none of the parties anticipate that the requested stay will adversely impact discovery in this matter nor the resolution of the parties' claims. To the contrary, the parties believe the requested stay will aid in the efficient resolution of this matter. The court concurs with the parties that a stay of all pretrial proceedings is warranted until the court rules the dispositive motion.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. The parties' joint motion to stay proceedings is granted. All pretrial proceedings in this case are stayed until further order of the court.

2. The settings for the pretrial conference (May 17, 2022) and trial (March 14, 2023) are vacated.

3. Defendant's anticipated motion for summary judgment is due by December 30, 2021.

4. Counsel shall confer and submit an updated Rule 26(f) planning report to the undersigned's chambers within 14 days of a ruling on the motion for summary judgment, if any claim remains pending.

Dated December 8, 2021, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge